## COBB *v.* BENNETT *et al.*

The right of fishing in a river is subordinate to that of navigation, but this does not excuse the master of a vessel from running into and damaging a net of a fisherman, where he could change the course of the vessel *without prejudice to the reasonable prosecution of his voyage*, and thus avoid the net.

**Error to the District Court of Philadelphia.**

Opinion delivered February 24, 1874, by

AGNEW, C. J. We discover no error in the portions of the charge assigned for error. They may all be comprised in the following instruction : "I charge, as a question of law, he (the defendant) was bound to shorten his tack, if he could thereby have avoided the nets, without prejudice to the reasonable prosecution of his voyage." This was said in view of the facts in evidence on part of the plaintiff, that the defendant was notified of the position of the net of the plaintiff; pointed to the light which marked that position, and requested to change his course, so as not to foul it, and that this could be done conveniently. The judge had already said : "But there is another right in the river, that of navigation, which is superior to the right of fishing, and when they interfere, that of fishing must give way to the right of navigation." He had also said : "Those exercising the rights of navigation will not be excused, if they are sufficiently warned, unless they make a reasonable effort to avoid them. Now, surely, it is not error to say that when the mariner is warned of his approach toward the net of the fisherman, he should change the course of his vessel, *if he can do so without prejudice to the reasonable prosecution of his voyage.*" The entire point of the charge is contained in this qualification, and, hence, it was not doing full justice to the charge to omit the qualifying words in the assignment. What would be a reasonable prosecution of the voyage would depend on the attendant circumstances, and upon these a special instruction might have been called for. Without the qualification there would have been error, for we must agree that the mariner is not bound to shorten his tack merely because a net is stretched across his course. A vessel is entitled to take her course in the navigation of the river, and to hold it, without regard to the fisherman's net, provided the master act without wantonness or malice, and do no unnecessary damage. This is an obvious consequence of the superior right of navigation. But this, we think, was the very doctrine of the charge, and the exception contained in the qualification, in view of the facts in evidence. If the mariner, warned of the position of the net, and requested to change his tack may do so "without prejudice to the reasonable prosecution of his voyage," can we say he is exercising his superior right of navigation justly, and in the spirit of the maxim, *sic utere tuo ut alienum non ludos,* if, indifferent to the inferior right, he recklessly holds on his way, and fouls and injures the fisherman's net ? Certainly we cannot say this, for, in effect, it would be to say a fisherman has no rights whatever—that being no right

which another may disregard under all circumstances. In view of the legislation, both of Pennsylvania and New Jersey, the usages of fishing, and the decisions in our own State, there is a right of fishing in the Delaware, though subordinate to the right of navigation, which cannot be unnecessarily impeded by it. Fisheries attached to the riparian ownership are valuable, and command high rents. This subject will be found to be discussed at great length and with much research by brother Sharswood, in the case of the Tinicum Fishing Co. *v.* Carter, 11 P. F. Smith 21. It, therefore, needs no further discussion here. The right of fishery is an acknowledged one, though it is entirely subordinate to that of navigation, and we intend, in this opinion, to lay down no principles which would burden commerce or restrict the navigator's rights, beyond that which his evident duty to others would justly require. Indeed, the question upon the charge comes down to this : Is it *wantonness*, when a mariner, warned of the net, seeing the light marking its position, and requested to avoid it, yet, indifferent to the interests of the fisherman, keeps on his course, when a reasonable pursuit of his voyage would not be prejudiced by avoiding the net ? Wantonness is reckless sport, wilfully unrestrained action, running immoderately into excess. If a man will do an injury, when he may reasonably avoid doing so, without inconvenience to himself, can it be said he is blameless ? Is it not worse than wantonness ; is it not rather malice, where he may, without prejudice to the reasonable enjoyment of his own right, desist from an injury to another, and yet will persist in committing it ? Now, unless we deny this proposition, we cannot reverse. If there were anything exceptional in the facts, or contradictory in the evidence, it was in the power of the defendant to ask specific instructions upon the precise state of the facts as appearing on either side. If, by reason of the veering of the wind to the northeast, the running of the tide with the course of the vessel, the want of men on deck at the moment, or other sufficient cause, it would have been difficult, or even unreasonably inconvenient to shorten the tack of the vessel, or change its course, the instruction might have been asked, that in such a case the master was not bound to luff or to shorten tack. We agree with the counsel of the plaintiff in error, that the interests of navigation are all-important to a port like that of Philadelphia, and are not required to give way to the minor and subordinate right of fishing. But, in absence of a call for instruction on the point so much insisted upon in the argument, we cannot say the court erred in the general instructions contained in the charge. There was evidence of malice sufficient to take the case to the jury, to whom it belonged, and not to the court, to say whether the language used —" to hell with your net "—was a mere superfluity of maratime civility, or was indicative of malice.

Judgment affirmed.